In the

# United States Court of Appeals
## For the Seventh Circuit

No. 16-1290

LEONARD LOVENTHAL,

*Creditor-Appellant*,

*v.*

ZISL TAUB EDELSON,

*Debtor-Appellee.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 15 C 6397 — **Elaine E. Bucklo**, *Judge*.

ARGUED DECEMBER 13, 2016 — DECIDED DECEMBER 21, 2016

Before POSNER, KANNE, and SYKES, *Circuit Judges*.

POSNER, *Circuit Judge*. Mrs. Edelson filed a Chapter 13 bankruptcy petition in the U.S. Bankruptcy Court for the Northern District of Illinois, hoping to erase a debt owed by her. She and her husband Claude (who did not join her petition or file his own) had in 2001 bought a single-family home in Chicago that the parties refer to as the "Farwell Residence," and together became the owners of the home as "tenants by the entirety." Thirteen years later, about seven

months before Mrs. Edelson filed her bankruptcy petition, the couple conveyed the home to the husband's living trust. The conveyance states that "the beneficial interest" in the trust is held by both Mr. and Mrs. Edelson, "husband and wife, as tenant[s] by the entirety."

Mrs. Edelson's bankruptcy petition named as one of her unsecured creditors Leonard Loventhal, a former husband; her debt to him—just over $92,000—was based on a judgment that he'd obtained against her. Often in a Chapter 13 bankruptcy plan some of the debtor's most important property is deemed "exempt"—i.e., not available for paying off creditors. Mrs. Edelson proposed a payment plan that would give Loventhal $16,000 over five years, but she designated the Farwell Residence as exempt. In his appeal to us Loventhal challenges the designation of the Edelsons' house as exempt, obviously hoping the property will become a part of Mrs. Edelson's assets that he can draw on.

Loventhal concedes, however, that if Mrs. Edelson is a tenant by the entirety (which he denies, as we'll see), her interest in the home would be exempt from his bankruptcy claim. A tenancy by the entirety allows spouses (and only spouses) to own property together as a single legal entity. Each must have an equal undivided interest in the property and a right of survivorship; neither may have the power acting alone to alienate the property. Creditors of one of the spouses may not attach and sell the interest of a debtor spouse; only creditors of the *couple* may attach and sell the interest in the property owned by a tenancy by the entirety; and so a tenant by the entirety may not sell or give away his interest in the property without the consent of the other tenant. Upon the death of one of the spouses the deceased

spouse's interest in the property devolves to the surviving spouse rather than to other heirs of the deceased spouse. Divorce and moving to another primary residence also sever the tenancy by the entirety.

Loventhal argues that the transfer of the property of the Edelsons' tenancy by the entirety to the husband's trust eliminated the tenancy by the entirety and thereby removed the shield that it had provided against Loventhal's enforcement of his claim against her; her half interest in the property, he argued, severed from the tenancy by the entirety, was fair game for him. The bankruptcy judge disagreed; the district court affirmed; and Loventhal now appeals to us, arguing that the tenancy by the entirety having been dissolved, Mrs. Edelson was not entitled to the exemption that she sought.

She argues that his appeal is moot because the bankruptcy court confirmed her plan and Loventhal didn't appeal the confirmation. But a debtor in a Chapter 13 bankruptcy makes payments over several years, and during that period the bankruptcy plan can be modified—or even converted into a Chapter 7 (liquidation) bankruptcy plan. See 11 U.S.C. §§ 1307(c), 1329(a)(1); *In re Urban*, 375 B.R. 882, 887 (B.A.P. 9th Cir. 2007).

The bankruptcy code provides in 11 U.S.C. § 522(b)(3)(B) that "any interest in property in which the debtor had, immediately before the commencement of the [bankruptcy] case, an interest as a tenant by the entirety" is exempted in the bankruptcy proceeding "to the extent that such interest … is exempt from process under applicable nonbankruptcy law," which so far as relates to this case is 735 ILCS 5/12-112. That Illinois statute (the relevant nonbankruptcy law) ex-

empts tenancies by the entirety from process to satisfy judgment "against only one of the tenants" (which in this case would be Mrs. Edelson). And the deed of the Farwell Residence to Mr. Edelson's living trust states that "the beneficial interest of said trust [is] being held by [the Edelsons], husband and wife, as a tenancy by the entirety." Moreover, the Illinois Joint Tenancy Act, 765 ILCS 1005/1c, as amended, states that when a trust "specifically state[s] that the interest of the husband and wife to the homestead property are to be held as tenants by the entirety, the estate created shall be deemed to be a tenancy by the entirety." The trust instrument even provides (unnecessarily) that nothing in it shall conflict with the Joint Tenancy Act.

It's true—and is Loventhal's principal argument—that the trust instrument contains (presumably at the behest of Mr. Edelson, the trustee, or advisers to him) provisions that are inconsistent with a tenancy by the entirety. For example, the trust instrument allows the trustee in his "sole and absolute discretion" to pay his legally enforceable debts from the trust and to amend the trust "in whole or in part," again unilaterally—and even to "revoke the trust," also unilaterally; and "upon revocation, the trustee shall deliver the trust property to me" (i.e., to Mr. Edelson). And there is more. But it's all irrelevant, because the Joint Tenancy Act forbids any construal of the trust that would sever the tenancy by the entirety. The portions of the trust that we've just quoted would if applied to the Farwell Residence sever the tenancy by the entirety and are therefore unenforceable.

So the tenancy by the entirety will perdure no matter what changes Mr. Edelson makes in the trust. Of course, Loventhal will still be able to collect the $16,000 that Mrs.

Edelson has committed to pay him under the bankruptcy plan, but that is not relevant to this appeal. The judgment of the district court is

AFFIRMED.